## MAGID v. WESTMORELAND et al.

(District Court, D. Georgia.  July 23, 1926.)

1. Courts ⚖➝508(1)—Proceedings in state courts invalidating adjudications and sales by federal courts will be enjoined (Judicial Code, § 265 [Comp. St. § 1242]).

Notwithstanding Judicial Code, § 265 (Comp. St. § 1242), proceedings in state courts which have effect of invalidating adjudications of and sales by federal courts may be enjoined.

2. Courts ⚖➝508(1)—Suit in state court by bondholders against purchaser at mortgage foreclosure sale in federal court, to impress trust on property, held not to be enjoined as attack on federal court's decree.

Suit in state court against purchaser at mortgage foreclosure sale in federal court, by bondholders claiming resulting trust in part of property to extent of consideration furnished to purchaser by them, held not attack on decree of federal court under which property was sold, and not subject to be enjoined.

In Equity.  Suit by Samuel M. Magid against George Westmoreland and others.  Decree for defendants.

Affirmed in 15 F.(2d) 885.

Anderson, Rountree & Crenshaw, of Atlanta, Ga., for petitioner.

Westmoreland & Westmoreland, of Atlanta, Ga., and Dean & Wright, and Ed Quillian, all of Gainesville, Ga., for defendants.

SIBLEY, District Judge.  The only thing for decision by this court is the granting of an injunction against a proceeding in the state court.  With reference to the suit of Westmoreland, all contention has been adjusted, and that is eliminated from the decision; it being stated that that proceeding has been abandoned, except so far as it may involve the costs and $200 deposited in the state court, over which this court could not, in any event, have any control.

[1] With reference to the other state court proceeding, it is claimed that the prohibition of injunctions contained in section 265 of the Judicial Code (Comp. St. § 1242) is not applicable because the proceeding in the state court seeks to disregard adjudications made in this court and to invalidate a title decreed and conveyed by this court.  The right and the propriety of enjoining proceedings in the state courts, which do have the effect of invalidating adjudications made in the federal courts and sales made by them is not open to doubt.  The question with which I am confronted is whether or not this proceeding does do that.

[2] In the federal court a mortgage was foreclosed for the benefit of bondholders.  Great difficulty was experienced in finding a purchaser for the mortgaged property, but no general reorganization was undertaken or submitted to the court for its approval.  The bondholders organized themselves into two classes, one represented by a committee, and another which may be referred to as the Magid interests.  Upon the first effort at sale the Magid interests were the successful bidders at a price of $210,000.  This bid, however, was made on the faith of an erroneous recital in the decree of foreclosure that mortgage coupons owned by them had precedence.  When, upon deliberate adjudication, it was held otherwise, the Magids were allowed to withdraw their bid, and the property was again put to sale.  This time it brought $200,000 upon the bid of the bondholders' committee.  That bid was confirmed, after certain delays and upon complaints of certain parties, the court ordering it to be consummated and carried out.  The bondholders' committee had difficulty in raising the cash necessary to complete the payment of the bid, having deposited all bonds controlled by them as part payment.  They finally seem to have made an arrangement with S. M. Magid, who theretofore had not been a participant in the proceedings, whereby their bid was transferred to him and he carried out the payment of cash and received the deed.

While much of the negotiation was brought to the attention of the court, no element or part of it was submitted to adjudication.  The fair effect of all the orders is that the court was insisting upon the performance of the bid and that Magid and the bondholders' committee had made arrangements satisfactory to themselves whereby the bonds already deposited should be retained as part payment, and Magid should pay the balance of the bid and receive a deed for the property in his name.  This was done.  The receiver's deed recites the payments made by the various parties, and then conveys the property to S. M. Magid, and the deed purports to convey only the title held by the Appalachian Corporation, held and enjoyed, or entitled to be held and enjoyed, by it, or of which it was seized at the time of the entry of the original foreclosure decree, or at the time of the commencement of the suit in which said decree was entered, and as fully and absolutely as said receiver may or ought by virtue of said decree and appointment sell, release, and convey it.  I do not find in this deed any effort to convey any title save that of the corporation, or to affect in any manner the rights as between themselves of other parties to the litigation.

Passing now to the litigation in the state court, I consider it as conceding the entire correctness of all that was done in the federal court, and to attack in no wise the purport of the deed, that the title of the Appalachian Corporation was conveyed to S. M. Magid. Its contention is that by the collateral transaction and agreement made between the bondholders' committee and S. M. Magid, or as a result of the mere fact that part of the consideration for the sale was paid in bonds equitably belonging to them, there is a resulting trust in their favor in a part of the property conveyed. This does not seem to me to be an attack upon the sale in the federal court, but a purely collateral inquiry as to the obligation assumed, and the acts done and the consequences thereof, between S. M. Magid and the bondholders' committee representing these bondholders. I conceive that the federal court has no more duty or power over such transactions than it would have if any of these intending purchasers had gone to a bank and borrowed a part of the purchase money, or made other arrangements to get it, and then had fallen into dispute about what their trade was, or the consequences of it.

It seems to me that there is nothing in this situation to justify the interference by this court with the forum selected by the parties to litigate this other collateral dispute. An injunction will accordingly be refused. ·